# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN K. MARTIN,

    Plaintiff(s),

v.

RESORTCOM INTERNATIONAL, LLC,

    Defendant(s).

Case No. 2:22-cv-00247-JAD-BNW

**Order**

On May 12, 2022, Defendant filed an answer in this case, Docket No. 11, triggering a host of deadlines and party obligations. On May 13, 2022, the Court entered an order setting an early neutral evaluation and providing requirements therefor. Docket No. 13. Having reviewed the parties' evaluation statements submitted *in camera*, it is clear that important requirements have not been met. Most significantly, the parties have not exchanged initial disclosures.[1] The exchange of initial disclosures is an important aspect of preparing for an early neutral evaluation and having a productive settlement discussion at the early neutral evaluation. *See* Local Rule 16-6(f)(1)(H). The Court declines to hold an early neutral evaluation when the parties have not exchanged initial disclosures sufficiently in advance of the early neutral evaluation to enable their review and analysis.[2]

---

[1] It appears that the parties have chosen to delay their disclosure and discovery obligations in light of a pending motion to compel arbitration. *See* Docket No.1 4. Indeed, a discovery plan was due a month ago, *see* Docket No. 11, Local Rule 26-1(a), but one has not been filed. No request has been filed seeking relief from the parties' disclosure and discovery obligations.

[2] Defendant represents that it plans to serve initial disclosures prior to the early neutral evaluation, while Plaintiff represents that he plans to serve initial disclosures in the "next 10 days," which may be before or after the early neutral evaluation as currently set.

In addition, Plaintiff's evaluation statement violates the Court's order in numerous ways, including that it fails to identify Plaintiff's mitigation efforts, *but see* Docket No. 13 at 3, fails to identify the email addresses for Plaintiff and his attorneys for the early neutral evaluation, *but see id.* at 1, 3, and fails to provide Plaintiff's opening offer, *but see id.* at 3.

Accordingly, the early neutral evaluation is **VACATED**. No later than August 5, 2022, the parties must file a stipulation (1) representing that counsel from both sides have carefully reviewed the Court's order at Docket No. 13, (2) representing that initial disclosures have been exchanged or providing a date certain by which they will be exchanged, and (3) providing five dates (at least 10 days after the initial disclosure exchange) on which all participants are available for an early neutral evaluation.[3]

IT IS SO ORDERED.

Dated: July 28, 2022

                                                        Nancy J. Koppe  
                                                      United States Magistrate Judge

---

[3] To the extent the parties do not believe an early neutral evaluation would be fruitful in light of the pending motion to compel arbitration (or for any other reason), they may include in the above stipulation a request for relief from having an early neutral evaluation. *See* Local Rule 16-6(c).

2