**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brian K. Martin, | Case No.: 2:22-cv-00247-JAD-BNW |
| Plaintiff | |
| v. | **Order Compelling Arbitration and Dismissing Case Without Prejudice** |
| ResortCom International LLC, | |
| Defendant | [ECF No. 14] |

Plaintiff Brian K. Martin brings this employment-discrimination and retaliation lawsuit against his former employer ResortCom, alleging that he was fired after he complained of racially discriminatory comments made by the company's Chief Financial Officer Dennis Hershey.[1] ResortCom moves to compel arbitration, contending that Martin agreed to arbitrate his claims.[2] Because ResortCom has established that Martin signed an arbitration agreement that delegates issues of arbitrability to the arbitrator, and Martin does not challenge the delegation provision, I grant the motion and dismiss this case without prejudice.

**Discussion**

**A.  This dispute must be arbitrated.**

The Federal Arbitration Act (FAA) states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon grounds as exist at law or in equity for the revocation of any contract."[3] It permits any party "aggrieved by

---

[1] ECF No. 4.

[2] ECF No. 14.

[3] 9 U.S.C. § 2.

the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition any federal district court for an order compelling arbitration in the manner provided for in the arbitration agreement.[4]  The FAA "establishes a federal policy favoring arbitration, requiring that [courts] rigorously enforce agreements to arbitrate"[5] and provides "that [if a] contract contains an arbitration clause, there is a presumption of arbitrability."[6]  "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"[7]

The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[8]  But if the agreement "clearly and unmistakably" delegates to the arbitrator "the question of arbitrability"—i.e., whether the parties agreed to arbitrate the agreement's validity and scope—the court does not consider those questions and instead "leav[es] any challenge to the validity of the [a]greement as a whole for the arbitrator."[9]

ResortCom moves to compel arbitration, citing a mediation-and-arbitration agreement that Martin signed on January 9, 2020.[10]  The agreement covers "any claim that could be asserted

---

[4] *Id.* at § 4.

[5] *Shearson/Am. Exp. Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (cleaned up).

[6] *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (internal quotation marks omitted) (quoting *AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

[7] *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean v. Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

[8] *Id.*

[9] *Rent-a-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *AT&T Techs.*, 475 U.S. at 649.

[10] *See* ECF No. 14-2.

in court or before an administrative agency . . . , including . . . claims for discrimination (including . . . discrimination based on . . . race) and[] claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance."[11]  And the agreement contains a delegation provision stating that it "covers any dispute concerning the arbitrability of any such controversy or claim."[12]  ResortCom contends that the agreement covers Martin's discrimination, retaliation, and related claims and that the agreement clearly delegates arbitrability to the arbitrator.[13]

     Martin does not deny that he signed the mediation-and-arbitration agreement or that it covers his claims.[14]  He instead challenges the agreement's validity, contending that it is a one-sided contract of adhesion.[15]  He does not address the agreement's delegation provision at all. Regardless, the Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson* forecloses this court's ability to consider Martin's unconscionability argument.  In *Rent-A-Center*, like here, the parties agreed to a stand-alone arbitration agreement that contained a provision delegating gateway issues to the arbitrator.[16]  Also, like here, the plaintiff argued that the agreement as a whole was unconscionable.[17]  The Court noted that there are "two types of validity challenges under § 2 [of the FAA]: 'one type challenges specifically the validity of the agreement to arbitrate,' and 'the other challenges the contract as a whole, either on a ground that directly

---

[11] *Id.* at 2.
[12] *Id.*
[13] ECF No. 14 at 5–8.
[14] *See* ECF No. 15-1 (Martin's declaration).
[15] ECF No. 15 at 5–8.
[16] *Rent-A-Center*, 561 U.S. at 65–66, 72.
[17] *Id.* at 66.

affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.'"[18] The Court reasoned that, if an agreement contains a delegation provision, courts may consider only arguments that specifically challenge that provision.[19] But if a party challenges the agreement as a whole, courts must "treat [the delegation provision] as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the agreement as a whole for the arbitrator."[20]

Because Martin confirms that he signed the arbitration agreement and does not dispute that his claims are covered by the agreement's terms, I find that this case must be arbitrated. And because Martin challenges the validity of the agreement as a whole, I must enforce the delegation provision in the agreement and leave the question of unconscionability to the arbitrator. I thus grant ResortCom's motion to compel arbitration.

**B.    The case is dismissed without prejudice and without resolving ResortCom's attorney-fee request.**

ResortCom requests that I dismiss this case with prejudice.[21] It does not provide argument or authority to support its with-prejudice request. Martin asks that, if arbitration is compelled, this case be stayed pending arbitration, arguing that the plain language of the FAA authorizes only that result.[22] But the Ninth Circuit has expressly held that the FAA "d[oes] not

---

[18] *Id.* at 70 (cleaned up) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006)).

[19] *Id.* at 73.

[20] *Id.*

[21] ECF No. 14 at 2.

[22] ECF No. 15 at 9.

limit the court's authority to grant a dismissal" when all of the plaintiff's claims are barred by an arbitration clause.[23]  Because I find that all of Martin's claims must be arbitrated, I dismiss this case in the interest of judicial efficiency.  But I do so without prejudice to Martin's ability to file a new action after completing arbitration, if such an action is warranted.[24]

As part of its motion to compel, ResortCom seeks an award of the attorneys' fees it incurred in filing the motion.[25]  But ResortCom did not make this request through a separate motion as required by this district's local rules.[26]  It does not provide any authority or argument supporting its request, and it failed to provide any of the supporting information that this court's Local Rule 54-14 requires.  So I decline to consider it.

## Conclusion

IT IS THEREFORE ORDERED that ResortCom's motion to compel arbitration and dismiss this case **[ECF No. 14] is GRANTED in part**.  **This case is dismissed without prejudice to the arbitration of this claims and the Clerk of Court is directed to CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
December 6, 2022

---

[23] *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *see also Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 82 (2000) (affirming district court's dismissal of claims after compelling arbitration).

[24] *See Interactive Flight Tech., Inc. v. Swissair Swiss Air Trans. Co., Ltd.*, 249 F.3d 1177, 1179 (9th Cir. 2001).

[25] ECF No. 14 at 2.

[26] *See* L.R. IC 2-2(b) ("For each type of relief requested . . . , a separate document must be filed and a separate event must be selected for that document.").